**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CARGILL INCORPORATED** | **CIVIL ACTION** |
| **VERSUS** | |
| **HEBERT FARMS PARTNERSHIP** | **NO. 08-457-FJP-CN** |

### RULING & ORDER

This matter is before the Court on the Emergency Motion to Quash or, Alternatively, for Protective Order (R. Docs. 41 and 42) filed by the respondents to the Ex Parte Motion to Examine Partners of Judgment Debtor, Eric Hebert, Shane P. Hebert, Susan Lacombe Hebert, and Tina Latiolais Hebert (collectively "respondents"). Plaintiff, Cargill Incorporated ("Cargill"), has filed an opposition (R. Doc. 44) to respondents' motion.

### FACTS & PROCEDURAL BACKGROUND

On November 23, 2010, this Court signed an order confirming an arbitration award entered in National Grain and Feed Association Arbitration Case No. 2365 against defendant, Hebert Farms Partnership ("Hebert Farms"), and in favor of Cargill in the amount of $131,524.99, plus interest at a rate of 4.5% from June 2, 2010, and continuing until paid in full. When two (2) months had elapsed without Hebert Farms paying or otherwise satisfying that judgment, Cargill filed its first Motion for Writ of Execution on January 25, 2011, which was granted. Writs and garnishment interrogatories were served upon a number of entities who, upon Cargill's information and belief, were in possession or control of funds, assets, property, and/or credits belonging to Hebert Funds. However, no funds or proceeds were ever received by Cargill as a result of the writs served. Cargill

1

subsequently applied for another Writ of Execution on June 23, 2011, which was granted and served upon another entity believed to be in possession or control of funds, assets, property, and/or credits belonging to Hebert Farms. However, as with the first set of writs and garnishment interrogatories, no funds or proceeds were received as a result of the subsequent writ either.

Pursuant to a motion filed by Cargill, on July 15, 2011, a judgment debtor examination of Hebert Farms occurred. The examination did not reveal any assets or property of the partnership sufficient to satisfy the judgment, but a copy of the Partnership Agreement of Hebert Farms was produced at the examination hearing. Such Partnership Agreement provided that the "name of the partnership shall be HEBERT FARMS, and the partners shall share in the assets, liabilities, and profits in the following manner: Shane P. Hebert (25%); Susan L. Hebert (25%); Eric Hebert (25%); and Tina L. Hebert (25%)." *See*, Exhibit A to Cargill's Ex Parte Motion to Examine Partners of Judgment Debtor, R. Doc. 37. The Partnership Agreement further stated that the partners of Hebert Farms "shall bear the losses and expenses of the partnership in proportion to their percentage of ownership." *Id.*

As a result of Hebert Farms' continued failure to pay the judgment at issue, Cargill filed an ex parte motion to conduct judgment debtor examinations of the four (4) individual partners listed in the Hebert Farms' Partnership Agreement concerning their individual estates and property. Such examinations are scheduled to occur on March 1, 2012. On February 6, 2012, respondents (*i.e.*, the four individual partners) filed the present motions, seeking to quash their judgment debtor examinations, or alternatively, to have the Court issue a protective order limiting the scope of the examinations to inquiries regarding only the partnership assets.

**LAW & ANALYSIS**

Pursuant to La. C.C. art. 2817, a partnership is primarily liable for its debts. *See*, La. C.C. art. 2817. A partner is bound for his virile share of the debts of the partnership but may plead discussion of the assets of the partnership. *Id.* A partner may not be sued on a partnership debt unless the partnership is joined as a defendant. La.C.C.P. art. 737. Louisiana courts have interpreted the above articles to require that a partnership creditor, such as Cargill, first exhaust its rights against the partnership before he proceeds against the individual partners, who are secondarily liable for the partnership's debts to the extent of their virile or proportionate shares. *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 1993 WL 177208 (E.D.La. 1993), citing *Koppers Co. v. Mackie Roofing & Sheet Metal Works*, 544 So.2d 25, 26 (La. App. 4th Cir. 1989).

Despite the fact that partners are secondarily liable for partnership debts, however, no judgment on an obligation owed by a partnership may be entered against an individual partner unless that partner has been personally served with citation and had a judgment entered against him personally. *See*, 1 La. Prac. Civ. Proc. Article 737 (2011 ed.), citing *Cortiza v. Rosenblat*, 291 So.2d 425 (La. App. 4th Cir. 1974). The fact that a partner may have appeared before the court to testify in the suit against the partnership has been held insufficient to allow the court to cast judgment against a non-named partner individually. *Id.*

In the present case, Cargill elected to name and serve only Hebert Farms Partnership as a defendant, and the order confirming the arbitration award casts judgment only against Hebert Farms Partnership. Thus, although the four (4) individual partners of Hebert Farms Partnership may be held secondarily liable for the amount of the judgment

3

against the partnership, they cannot be held responsible in the context of this suit in which they were not personally cited and served as defendants.[1]  *See, Travelers Ins. Co. v. St. Jude Hosp. of Kenner, Louisiana, Inc.*, 37 F.3d 193 (5th Cir. 1994)(When efforts to collect judgment from partnership failed, judgment creditor filed action against general partner to collect judgment, and the Fifth Circuit held that, under principles of res judicata, the prior action, in which liability was imposed on the partnership, did not bar the subsequent action against the general partner); *Koppers Co., Inc. v. Mackie Roofing and Sheet Metal Works,* 544 So.2d 25 (La. App. 4 Cir. 1989)(Statutory requirement that partnership creditor first exhaust rights against partnership before proceeding against individual partners was satisfied by creditor who had already obtained judgment against partnership before bringing suit against individual partners for their virile share of partnership debt).[2]

Thus, because Cargill did not name the individual partners as defendants and properly cite and serve them in this suit, it cannot hold them secondarily liable for the

---

[1] The fact that one of the partners, Eric Hebert, appeared at the July 15, 2011 judgment debtor examination on behalf of Hebert Farms Partnership and testified that Hebert Farms Partnership has no money or assets to pay the judgment in this case is insufficient to allow the Court to cast judgment against Hebert individually for his portion of the partnership debt in the context of this suit since he was not named and properly served as a defendant in this suit.

[2] *See,* Partnership Law & Practice §14:2 (2011)(citations to various cases omitted)("After judgment has been obtained against the partnership or one or more partners, execution of the judgment may be against partnership property since the partnership itself has been adjudged liable.  When a judgment has been obtained, the plaintiff may also recover the full amount of the judgment from any partner named in the suit, but not against unnamed partners.  When a judgment is obtained against the partnership and none of the partners are named, the plaintiff cannot attach the individual partners' property.  In such case, if the plaintiff is unable to satisfy the judgment from partnership assets, the plaintiff may bring suit against some or all partners to hold them personally liable for the partnership obligation"); *J.T. Turnr Const. Co., Inc. v. Summerour*, 301 Ga.App. 323, 687 S.Ed.2d 612 (2009)(A judgment rendered in a suit against a general partnership binds the partnership assets and the individual assets of any general partners who were properly served in the suit.  A general partner's individual assets may not be bound unless the partner was personally served with process and had his day in court, or unless he has, by some express or implied waiver, dispensed with the necessity of service.  General partners who are not personally served in the original suit and who do not appear at trial are subject to suit individually and cannot attack the merits of the judgment against the partnership).

judgment against the partnership in the context of this suit.  As such, the judgment debtor examinations set for March 1, 2012, seeking production of information concerning the individual partners' estates and property for purposes of satisfying the judgment in the context of this suit is improper and should not occur.

Accordingly;

**IT IS ORDERED** that the Motion to Quash, or Alternatively, for Protective Order (R. Docs. 41 and 42) filed by Eric Hebert, Shane P. Hebert, Susan Lacombe Hebert, and Tina Latiolais Hebert, is hereby **GRANTED** and that the Judgment Debtor Examinations of such individuals scheduled for March 1, 2012 at 10:00 a.m. is hereby **QUASHED/CANCELLED**.

Signed in chambers in Baton Rouge, Louisiana, February 15, 2012.

**MAGISTRATE JUDGE CHRISTINE NOLAND**