UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARGILL, INCORPORATED

VERSUS

HEBERT FARMS PARTNERSHIP

CIVIL ACTION

NUMBER 08-457-FJP

**RULING**

This matter is before the Court on Cargill, Incorporated's ("Cargill") motion for attorney fees and costs.[1] Hebert Farms Partnership ("Hebert Farms") has opposed the motion.[2] The parties engaged in arbitration arising out of the breach of six commercial grain contracts. A decision was rendered against Hebert Farms and the award was confirmed and judgment entered by the Court.[3] Cargill now seeks attorney fees and costs incurred in its efforts to enforce and collect the arbitration award.

Hebert Farms contends Cargill is seeking the Court's modification of the arbitrator's award by granting attorney fees and costs beyond those awarded by the arbitrators which is impermissible because the entitlement to attorney fees and costs was provided for by the contracts and subject to arbitration.

---

[1]Rec. Doc. No. 53.

[2]Rec. Doc. No. 54 & 62.

[3]Rec. Doc. Nos. 11 & 52.

Doc#48085

Hebert Farms also contends the fact that the arbitrator awarded attorney fees and costs shows that this issue was contemplated and adequately addressed by the arbitrator. Hebert Farms relies on the reasoning of the Fifth Circuit in *Schlobohm v. Pepperidge Farm, Incorporated*:

> If, as is often the case, the arbitration agreement had provided that "any dispute arising from the contract" would be submitted to arbitration, a strong case could be made that any award of attorney's fees, interest, and costs was necessarily submitted to the arbitrators and a district court that made such an award would be impermissibly modifying the arbitrators' decision.[4] In such circumstances, where the parties made an agreement intended to avoid court litigation by resolving the entire dispute through arbitration, intervention by the court to award additional relief would be inconsistent with the language and policy of the Federal Arbitration Act.[5]

Hebert Farms also cites the Fifth Circuit's decision in *Glover v. IBP, Inc.*, where a plaintiff sought prejudgment interest on an arbitration award under Texas law and the district court denied the request.[6] The *Glover* court found that, while the arbitration provisions at issue did not expressly state that any and all disputes arising from the contracts was subject to binding arbitration, the "comprehensive enumeration of those situations that do fall under its dispute resolution provisions forecloses the

---

[4] 806 F.2d 578, 581 (5th Cir. 1986), citing *Cf. Kermacy v. First Unitarian Church*, 361 S.W.2d 734, 735 (Tex.Civ.App.-Austin 1962).

[5] *Id.*

[6] 334 F.3d 471 (5th Cir. 2003).

district court from awarding relief not otherwise awarded by the arbitrator himself."[7]

In response, Cargill argues that the *Glover* case actually supports its own position. While the *Glover* court did affirm the district court's refusal to award Glover attorney's fees incurred enforcing the arbitrator's award, the court also stated that it was because IBP's "argument against enforcement is also not frivolous; ..."[8] The court noted that "'[a] party to an arbitral award is not entitled to the attorney's fees it incurs in enforcing that award unless the noncomplying party's refusal to abide by the award was without justification.'"[9] Cargill contends it is this distinction, *i.e.*, lacking legal justification for its refusal to pay the award, which supports Cargill's request for attorney fees and costs in this case.

The Fifth Circuit has recognized that "federal courts have the power to award attorney fees for vexatious behavior including the refusal to abide by an arbitral award without justification."[10] In

---

[7] *Id.* at 477.

[8] *Id.*, citing *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1331 (5th Cir. 1994).

[9] *Id.*, quoting *Amalgamated Meat Cutters, Local 540 v. Great Western Food Co.*, 712 F.2d 122, 125 (5th Cir. 1983)(internal citations omitted).

[10] *Specialty Healthcare Management, Inc. v. St. Mary Parish Hospital*, 220 F.3d 650, 658 (5th Cir. 2000), citing *International Ass'n of Machinists & Aerospace Workers v. Texas Steel Co.*, 639 F.2d 279, 283 (5th Cir. 1981); see also *Chambers v. NASCO, Inc.*,

*PaineWebber Incorporated v. R.C. Hansen*, the Fifth Circuit considered an appeal of the district court's confirmation of an arbitration award against Hansen including interest, attorney fees, and costs.[11] The arbitrator had awarded PaineWebber $116,000 from Hansen, "who did not challenge the award but refused to pay."[12] The district court ultimately granted PaineWebber the arbitration award plus interest and all reasonable costs and attorneys' fees incurred in enforcing the award. The Fifth Circuit affirmed this decision.[13]

Likewise, in *Cigna Ins. Co. v. Huddleston*, Huddleston appealed the district court's sanctioning Huddleston by awarding attorney's fees based on Huddleston's "refusal to abide by the arbitrator's award 'without justification.'"[14] However, after considering some of the cases relied upon by Huddleston, the district court found "that there is at least some precedent to support some of the arguments they raised in response to [the] motion to confirm the arbitrator's award."[15] For this reason, the district court modified the attorney's fee award from $10,595.00 to $7,182.50. The Fifth

---

501 U.S. 32, 45-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).

[11] 999 F.2d 1579, 1993 WL 307921 (5th Cir. Jul. 29, 1993).

[12] *Id.*

[13] *Id.* at *2.

[14] 986 F.2d 1418, 1993 WL 58742, *12 (5th Cir. Feb. 16, 1993), quoting *Bell Production Engineers v. Bell Helicopter*, 688 F.2d 997, 999 (5th Cir. 1982).

[15] *Id.*

Circuit affirmed the district court's award finding that, "to the extent that the authority cited by defendants bestows some legitimacy to their position, the district court lowered the amount of its sanction accordingly."[16]

In the case at bar, Cargill contends that Hebert Farms has no justification for its failure to honor the arbitration award. Cargill correctly points out that Hebert Farms did not appeal the arbitration decision to the NGFA Appeals Committee and likewise did not oppose confirmation of the award by the district court. The record reflects that at no time has Hebert Farms presented any challenge to the arbitration decision. It has simply ignored the decision and refused to abide by the award. In its reply, Hebert Farms contends only that there has been no evidence introduced to show Hebert Farms' refusal to abide by the award was without justification. Hebert Farms then poses the question: "For example, does the inability to pay the award because of lack of money or assets to do so mean that non-payment of the award is without justification?" However, Hebert Farms presented no evidence or affidavits to support its alleged inability to pay.

The Court finds that the alleged inability to pay does not constitute legal justification for refusing to abide by the award. Counsel fails to cite any jurisprudence which would support this proposition. Cargill has shown that significant costs and attorney

---

[16] *Id.* at *14.

fees have been incurred in its efforts to collect on the arbitration award.

Therefore, for the reasons set forth above, the Court grants Cargill's motion for attorney fees and costs.[17] The defendant is ordered to pay attorney fees and costs in the amount of $21,114.77.00.[18]

IT IS SO ORDERED.

Baton Rouge, Louisiana, this 10th day of April, 2013.

JAMES J. BRADY
MIDDLE DISTRICT OF LOUISIANA

---

[17] Rec. Doc. No. 53.

[18] The Court has evaluated Cargill's evidence and arguments in its original motion using the "lodestar analysis" and flexible *Johnson* factors and finds the amount requested is justified under the facts of this case. *See Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).